IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CLEVELAND BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-076 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Cleveland Bryant appeals the decision of the Acting Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.     BACKGROUND**

Plaintiff is a sixty-two year old male with a ninth grade education, a history of substance abuse and incarceration, and extensive work experience as a cleanup specialist, cook, forklift operator, and mixer. Tr. ("R."), pp. 46, 161. Plaintiff applied for DIB and SSI on April 17, 2012, alleging a disability onset date of September 15, 2010. R. 154-66. The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 103-18, 124-31.

The ALJ held a hearing on August 22, 2013, and heard testimony from Plaintiff, who was represented by counsel, as well as from Clarence Hulett, a Vocational Expert ("VE"). R. 27. On November 8, 2013, the ALJ issued an unfavorable decision. R. 13-22.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 15, 2010, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease, degenerative joint disease, and bone spurs (20 C.F.R. § 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant must avoid concentrated exposure to hazardous machinery and unprotected heights. The claimant is capable of performing past relevant work as a forklift operator, mixing machine operator, and cook. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965). The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2010, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

R. 13-22.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because

the ALJ erred by: (1) failing to properly evaluate and weigh the medical evidence; (2) determining Plaintiff could perform medium work and thus could perform his past relevant work; (3) failing to properly assess and weigh Plaintiff's severe and non-exertional impairments; (4) and by presenting an incomplete hypothetical to the VE. Doc. no. 9, pp. 9-17 ("Pl.'s Br.") The Commissioner maintains the ALJ's decision is supported by substantial evidence. See doc. no. 10, pp. 3-9 ("Comm'r's Br.").

### III.  DISCUSSION

#### A.  The ALJ Properly Assessed Plaintiff's Severe and Non-Severe Impairments.

Plaintiff asserts the ALJ failed to properly assess and weigh the medical evidence, including Plaintiff's severe and non-exertional impairments. See Pl.'s Br. 18. The Commissioner argues the ALJ's severity analysis at step two of the sequential evaluation was proper because the ALJ sufficiently addressed Plaintiff's impairments in light of the medical evidence. Comm'r's Br. 7-8. Nevertheless, the question remains whether the ALJ's determination is supported by substantial evidence.

A severe impairment is one which significantly limits one's ability to perform "basic work activities." 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples include:

> (1)  Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2)  Capacities for seeing, hearing, and speaking;
>
> (3)  Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). At the second step of the sequential evaluation process:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 416.920(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test,

> an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with his ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

Here, the ALJ determined Plaintiff's degenerative disk disease, degenerative joint disease, and bone spurs qualified as severe impairments because they have had more than a minimal effect on Plaintiff's ability to perform basic work activities for a continuous period of twelve months. R. 15. As for Plaintiff's non-severe impairments, the ALJ discussed the medical evidence concerning Plaintiff's Hepatitis C and substance abuse. R. 16. The ALJ properly determined Plaintiff's Hepatitis C was non-severe because it caused no more than a minimal limitation on Plaintiff's ability to work. Id. Indeed, Plaintiff testified at the hearing his Hepatitis C only causes pain approximately once a month, and has not caused a substantial risk of kidney failure within the past two to three years. R. 53-54. As for Plaintiff's history of alcohol abuse, the ALJ cited a finding by state consultative examiner Dr. Carolyn Rasche determining Plaintiff's alcohol abuse was non-severe. R. 370, 19. The ALJ noted that there were no functional limitations that resulted from Plaintiff's alcohol abuse, and properly determined it to be non-severe. R. 16.

The Court is mindful that Plaintiff's burden to show the severity of a particular impairment is not a heavy one. See McDaniel, 800 F.2d at 1031. Here, however, the ALJ properly determined that Plaintiff failed to meet that burden as to his Hepatitis C or his history of alcohol abuse. Accordingly, the Court finds this provides no basis for remand.

### B. Substantial Evidence Supports the ALJ's RFC Determination Plaintiff Could Perform Medium Work and His Past Relevant Work.

Plaintiff argues the ALJ failed to properly review and evaluate the medical evidence when determining Plaintiff's RFC for medium work at step four. Pl.'s Br. 10-12. Plaintiff also argues the ALJ's determination Plaintiff could perform his past relevant work as a forklift operator, mixing machine operator, and cook is not supported by substantial evidence. Id. at 14-16. The Commissioner argues the ALJ properly weighed the medical evidence, and that the ALJ's step four finding Plaintiff could perform medium work and could thus perform his past relevant work, is supported by substantial evidence. Comm'r's Br. 4-7.

#### 1. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty

performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to her past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

In categorizing the physical exertion requirements of jobs, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R § 416.967. Here, the ALJ determined Plaintiff has the ability to perform the full range of medium work. "Medium work" is defined as work that involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work . . . he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

In determining at step four in the sequential process whether Plaintiff's RFC for medium work would allow him to perform past relevant work, the ALJ consulted the VE in accordance with 20 C.F.R. § 416.960(b)(2), which provides as follows: "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." However, VE testimony is not required in determining whether a claimant can perform his past relevant work. Hennes v. Comm'r. of Soc. Sec. Admin., 130 F. App'x 343, 346 (11th Cir. 2005). Here, the VE identified Plaintiff's past work as: (1) mixing machine operator, unskilled, medium work; (2) forklift operator, semi-skilled, medium work; (3) cook as skilled, medium work; and (4) cleanup worker, unskilled, heavy work. R. 71.

### 2. Standard for Evaluating Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips, 357 F.3d at 1241 (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)). Sources that can provide evidence to establish an impairment

include licensed physicians, but not physician's assistants. See Farnsworth v. Soc. Sec. Admin., -F. App'x-, No. 15-11059, 2016 WL 758738, at *6 (11th Cir. Feb. 26, 2016); 20 C.F.R. § 416.913(a)(1).

Additionally, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists. See 20 C.F.R. § 416.927(c)(1)-(2), (5). However, SSR 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review. SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). Lastly, under SSR 96-5p, the determination of disability regarding a Social Security claim is reserved to the Commissioner, and treating and other medical source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *1, 2 (July 2, 1996); see also 20 C.F.R. § 416.927(d).

### 3. In Evaluating The Medical Record, the ALJ Conducted a Thorough Review.

The ALJ began his review of the medical record with Plaintiff's February 2011 visit to the emergency room where he was seen by Dr. Elgin Hobbs. R. 17. During that visit, a right ankle x-ray revealed bony normal alignment with no visible fracture or dislocation. R. 345. Dr. Hobbs further opined that Plaintiff's soft tissues appeared normal, but there was irregularity of the superior, dorsal navicular at the talonavicular articulation which was likely

degenerative.  Id.  Plaintiff's medical history then showed he was treated for heel spurs, hemorrhoids, and plantar fasciitis.  R. 337-39.

On May 29, 2012, Dr. James Millen, performed a comprehensive medical disability evaluation.  R. 17, 352.  Dr. Millen opined Plaintiff's lumbar spine x-rays showed mild osteoarthritis, normal alignment, preserved disc spaces, and atheromatous plaguing.  R. 351.  Dr. Millen observed that Plaintiff did not use an assistive device to ambulate, had full range of motion in his upper extremities, hips, knees and ankles, and had no swelling or skin abnormalities.  Id.  Plaintiff's foot exam was normal.  Id.

On September 6, 2012, Dr. Millen examined Plaintiff for a second comprehensive medical disability evaluation.  R. 362.  Dr. Millen again reported Plaintiff exhibited normal traits, with full range of motion in his upper extremities, no swelling or skin abnormalities, normal muscle mass, full range of motion in the hips, knees, and ankles, and a normal foot exam.  Id.  Dr. Millen examined Plaintiff's gait and noted Plaintiff exhibited mild lordosis.  R. 365.  Although Plaintiff claimed to use an assistive device for walking, Dr. Millen again noted Plaintiff did not bring the device to the evaluation.  Id.

On September 17, 2012, Dr. Carolyn Rasche, a state agency psychological consultant, examined Plaintiff's reported activities of daily living.  R. 369.  Dr. Rasche noted Plaintiff reported using public transportation, shopping, doing crossword puzzles, going to the library, playing cards, and socializing.  Id.  Dr. Rache further noted Plaintiff smelled heavily of alcohol, yet explicitly noted Plaintiff's history of alcohol abuse was not a severe impairment because it had no impact on his activities of daily living.  R. 370.  Dr. Rasche determined Plaintiff's impairment or combination of impairments would not limit his ability to do basic work activities.  Id.  The ALJ assigned Dr. Rache's opinion great weight.  R. 19.

On September 27, 2012, state agency medical consultant Dr. Ronald Rosen examined Plaintiff and conducted a residual functional capacity assessment. R. 373. Dr. Rosen found Plaintiff could occasionally lift or carry fifty pounds, frequently carry or lift twenty-five pounds, stand and walk for a total of six hours in an eight hour workday, and sit for a total of six hours in an eight hour workday. R. 373. Dr. Rosen found Plaintiff was not limited in posture, manipulation, vision, communication, or in ability to push or pull hand or foot controls. Id. However, Dr. Rosen did find that Plaintiff had some environmental limitations, and limited Plaintiff's exposure to fumes, odors, gases, and poor ventilation. Id. Because Dr. Rosen's opinion was supported by x-rays showing minimal findings and Plaintiff's conservative treatment, the ALJ gave Dr. Rosen's opinion great weight. R. 19. On November 27, 2012, state consultative examiner Dr. Anatol Oleynick reviewed Dr. Rosen's findings and affirmed them. R. 376.

### a. The Court Cannot Substitute its Judgment for the Commissioner's.

Plaintiff takes issue with Dr. Millen's findings of a normal foot exam, claiming that an x-ray revealed chronic changes of the navicula. Pl.'s Br. 10. Plaintiff also asserts Dr. Millen found Plaintiff's lumbar spine showed minor degenerative changes and calcification, and that Dr. Millen also reported chronic low back pain with left leg radiculopathy. Id. at 10-11. Plaintiff contends these findings render Plaintiff unable to perform his past relevant work; however, the ALJ cited medical evidence suggesting Plaintiff had normal range of motion in his ankles, Plaintiff's knee x-rays revealed negative findings, and Plaintiff's spine only had mild osteoarthritis and minor degenerative changes. R. 20. Furthermore, hospital records from January 2013 indicate Plaintiff has a normal range of motion, strength, and gait. R. 380.

The Court cannot re-weigh or apply a different interpretation to the record evidence than that applied by the Commissioner. Plaintiff bears the burden of demonstrating disability. Doughty v. Apfel, 245 F.3d 1274, 1279-80 (11th Cir. 2001). His select citations to various portions of the record which he believes could support a different interpretation of the evidence is not sufficient because the narrowly circumscribed nature of review does not involve re-weighing the evidence or substituting the judgment of the Court for that of the Commissioner. Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005). Because substantial evidence supports the ALJ's findings, this issue provides no basis for remand.

### b. The ALJ's Decision to Assign Great Weight to Consultative Examiner Dr. Rosen's Opinion is Supported by Substantial Evidence.

Plaintiff also takes issue with consultative examiner Dr. Rosen's RFC finding, and asserts the ALJ erred by assigned Dr. Rosen's opinion great weight. Pl.'s Br. 11. Plaintiff also asserts the ALJ erred by relying extensively on Dr. Rosen's consultative examination, and disregarded the opinions of treating physicians. Id. Plaintiff further asserts his conservative treatment was due to financial circumstances beyond his control. Id.

First, although Plaintiff argues the ALJ erred by disregarding the opinions of treating or other examining physicians, Plaintiff does not point to any treating or other examining physician opinions finding greater limitations than what Dr. Rosen found in his RFC assessment. See Pl.'s Br. 10-18. Although Plaintiff points to x-rays showing mild issues with Plaintiff's ankle and knee, Plaintiff has not demonstrated that these findings result in greater functional limitations. See generally R. 337-39, 345. Accordingly, Plaintiff has failed to meet his burden of proving disability. Doughty, 245 F.3d at 1279-80.

Secondly, even if Plaintiff could point to a treating or examining opinion finding more restrictive limitations, it would be contradicted by Plaintiff's daily living activities and therefore not entitled to considerable weight. See Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 873 (11th Cir. 2011) ("[A]n ALJ does not need to give a treating physician's opinion considerable weight if the evidence of the claimant's daily activities contradicts the opinion.").

Plaintiff's testimony at his hearing suggests he is not limited in activities of daily living despite his alleged impairments. Plaintiff testified to going to the laundromat, brushing his teeth, shaving, using a public bus for transportation, meeting with his probation officer, meeting with his attorney, walking to and from the grocery store, and socializing with a friend. R. 59-62. Although Plaintiff testified his daughter would assist with several activities, he stated she left over a year ago and Plaintiff now lives alone and independently. R. 59. As the ALJ noted, these activities of daily living suggest Plaintiff is more than capable of functioning within Dr. Rosen's RFC assessment and the ALJ's RFC finding. R. 20.

Plaintiff also argues Dr. Rosen's opinion is not entitled to significant weight because it was based largely on Plaintiff's conservative treatment which was due to his inability to afford co-payments or surgeries. Pl.'s Br. 11. It is well settled that poverty may excuse a plaintiff's failure to comply with treatment. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003). An ALJ is required to consider any explanation that might explain the failure to seek or pursue treatment, including evidence that the claimant is unable to afford medical care before denying benefits based on non-compliance. See Beegle v. Soc. Sec. Admin., Comm'r, 482 F. App'x 483, 487 (11th Cir. 2012). Here, the ALJ properly considered

Plaintiff's explanation for his conservative treatment, but rejected it because despite Plaintiff's numerous visits to the ER and visits to healthcare providers, Plaintiff was never prescribed any significant pain medications, nor was he referred to a neurosurgeon or an orthopedic doctor for any specialized treatment, consultation for epidural injections, or surgery. R. 20. Consequently, the ALJ properly determined Plaintiff's conservative treatment resulted from the mild nature of his impairments as opposed to his inability to afford treatment. Id. Indeed, Plaintiff testified to leaving his last job because the owner sold the company, not due to any limitations caused by his physical impairments. R. 49. Thus, the ALJ properly considered Plaintiff's finances as a reason for his conservative treatment, and determined Dr. Rosen's opinion was entitled to significant weight.

In sum, the ALJ properly relied on substantial evidence in assigning Dr. Rosen's opinion great weight. An ALJ may give state agency consultant opinions great weight if substantial evidence supports them. Titles II & XVI: Consideration of Admin. Findings of Fact by State Agency Med. & Psychological Consultants & Other Program Physicians & Psychologists at the Admin. Law Judge & Appeals Council, SSR 96-6P (S.S.A. July 2, 1996). Dr. Rosen's opinion was consistent with the medical evidence, Plaintiff's daily living activities, and medical history. Plaintiff has not pointed to another treating or examining physician's opinion suggesting greater limitations, and thus, the ALJ did not err in assigning Dr. Rosen's opinion substantial weight. See 20 C.F.R. § 404.1527.

### 4. The ALJ's RFC Determination that Plaintiff Could Perform Medium Work and His Past Relevant Work is Supported by Substantial Evidence.

Plaintiff argues the ALJ's finding Plaintiff could perform medium work is unsubstantiated based on Plaintiff's medical records, x-rays, and worsening back pain. Pl's Br., pp. 15-17.

A plaintiff bears the burden of proving he cannot perform his past relevant work. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). If a plaintiff can still perform the kind of work he has done in the past, he will be found "not disabled" within the meaning of the Act. 20 C.F.R. § 404.1520(f); Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). However, a plaintiff need only retain the ability to perform his past kind of work, not the specific job he held in the past. Id. If a plaintiff cannot perform past relevant work, the burden shifts to the ALJ to prove that other work exists in the national economy which the plaintiff can perform. Jackson, 801 F.2d at 1293.

As discussed *supra*, the ALJ properly considered the relevant medical record and properly weighed the medical opinion evidence in determining Plaintiff could perform medium work and thus could perform his past relevant work as a forklift operator, mixing machine operator, and cook. R. 21. In extensively reviewing the medical record, the ALJ assigned great weight to consultative examiner Dr. Rosen's RFC opinion finding Plaintiff could occasionally lift or carry fifty pounds, frequently carry or lift twenty-five pounds, stand and walk for a total of six hours in an eight hour workday, and sit for a total of six hours in an eight hour workday. R. 373. Although Plaintiff testified he was only able to stand for thirty minutes, sit for thirty minutes, walk 150 feet and lift ten to fifteen pounds, the ALJ discredited Plaintiff's subjective complaints as disproportional to the objective medical evidence. R. 20.

Indeed, Dr. Millen noted Plaintiff had full range of motion in his hips, knees, ankles, normal muscle mass, and normal strength in all extremities, Dr. Rache determined Plaintiff's impairments or combination of impairments did not significantly limit Plaintiff's ability to basic work activities, and Plaintiff himself testified that the reason he left his last job was not due to any limitations caused by his physical impairments. R. 362, 370, 49. Accordingly, the ALJ's RFC determination that Plaintiff could perform medium work, and thus could perform his past relevant work as a forklift operator, mixing machine operator and cook is supported by substantial evidence.

### C.  Because the ALJ Determined Plaintiff Could Perform His Past Relevant Work, the ALJ Was Not Required to Rely on the VE's Testimony.

Plaintiff argues the hypothetical question presented to the VE was incomplete and did not include all of Plaintiff's severe and non-exertional impairments. Pl.'s Br. 12. Plaintiff asserts the hypothetical did not include Plaintiff's Hepatitis C limitations, hemorrhoids, low back pain or ankle disorders. Id. Plaintiff also argues he cannot perform medium work because the ALJ's hypothetical question to the VE did not reflect the RFC assessment. Id. at 14-15.

At step four, the claim is denied if the ALJ determines the plaintiff can return to past relevant work but proceeds to step five if the plaintiff cannot return to past relevant work. Phillips, 357 F.3d at 1238-39. At step five, a VE's testimony is crucial to an ALJ's determination that a plaintiff can perform other work in the economy. Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999). However at step four, an ALJ *may* use a VE in determining whether a plaintiff can perform past relevant work, but consideration of a VE's opinion is not required. Hennes, 130 F. App'x at 346 (VE testimony not required at step four, but may be

used); Schnorr, 816 F.2d at 582 (finding VE testimony required for step five determination, but not for step four determination); Lucas v. Sullivan, 918 F.2d 1567, 1573 n. 2 (11th Cir. 1990). Thus, a VE's testimony is not entitled to any specific weight or significance at step four. See Carlson v. Colvin, No. 2:13-CV-FTM-253-DNF, 2014 WL 4092763, at *4 (M.D. Fla. Aug. 19, 2014).

Here, the ALJ presented the VE with a hypothetical question asking the VE to assume an individual with the same age, education, and past work experience, and limitations as Plaintiff. R. 71. The VE testified such an individual could perform Plaintiff's past work as a mixing machine operator, forklift operator, and as a cook as the jobs are generally performed in the economy. Id. The ALJ then proposed a second hypothetical containing an additional limitation that the individual requires the ability to alternate between sitting and standing positions at approximately thirty minute intervals without being off task. R. 72. The VE testified such an individual would not be able to perform any work at the medium level, but might be able to perform work at the light exertional level. Id.

Because the VE hypothetical was only advisory and not required for the ALJ's step four determination, Plaintiff's argument that a remand is required because the ALJ erred by failing to include all of Plaintiff's impairments in the hypothetical is without merit. See Hennes, 130 F. App'x at 346. Additionally, as explained *supra*, the ALJ properly discredited Plaintiff's subjective complaints and his testimony he could only stand for thirty minutes, sit for thirty minutes, walk 150 feet, and lift ten to fifteen pounds as unsupported by the objective medical evidence. R. 20. Accordingly, the ALJ was not required to include these findings in his hypothetical. See Crawford, 363 F.3d at 1161 ("[ALJ] not required to include findings in the hypothetical that he ALJ had properly rejected as unsupported."). The ALJ's first

17

hypothetical properly set out Plaintiff's credible limitations, and the VE testified Plaintiff could perform his past relevant work. R. 71. Thus, although the VE's testimony was not required, the ALJ's use of the testimony was proper, and his determination Plaintiff was not disabled is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 7th day of July, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA